**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-00517-NYW

PEDRO ALEJANDRO VILA DIAZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility,[1]

     Respondent.

---

### MEMORANDUM OPINION AND ORDER

---

Before the Court is Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") filed pro se by Petitioner Pedro Alejandro Vila Diaz ("Petitioner" or "Mr. Vila Diaz"). [Doc. 6]. Respondent filed a Response, [Doc. 21], and Petitioner filed a Reply, [Doc. 22]. After reviewing the pertinent portions of the record in this case and the applicable law, the Petition is respectfully **DENIED**.

---

[1] Petitioner originally named "the ICE Field Office Director" as Respondent. However, the Court will substitute Juan Baltazar as Respondent because Mr. Vila Diaz proceeds pro se and the proper respondent to a petition filed pursuant to 28 U.S.C. § 2241 is Petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (holding that the proper respondent to a habeas petition is the petitioner's custodian); *Fuentes v. Choate*, No. 24-cv-01377-NYW, 2024 WL 2978285, at *6 (D. Colo. June 13, 2024) (citing cases holding that immediate custodian rule applies in immigration habeas cases). *See also Lowmaster v. Dir., Bureau of Prisons*, No. 24-cv-03178-JWL, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) (noting that the Court "routinely substitutes the petitioner's custodian as the proper respondent in habeas cases"); *Hill v. New York*, No. 10-cv-00150-MAT, 2011 WL 2671506, at *1 (W.D.N.Y. July 8, 2011) (directing the Clerk of Court to amend the caption to name the acting superintendent of the correctional facility where petitioner was incarcerated as the respondent). As such, the Clerk of Court is directed to amend the caption to name Juan Baltazar, Warden of the Denver Contract Detention Facility, as the Respondent in this matter.

**BACKGROUND**

Pedro Alejandro Vila Diaz is a native and citizen of Cuba.  [Doc. 21-1 at ¶ 4].  He first entered the United States on October 7, 2021, near Andrade, California, without being admitted or paroled.  [*Id.* at ¶ 5].  Petitioner claimed fear of persecution if removed to Cuba.  [*Id.* at ¶ 7].  On October 8, 2021, U.S. Customs and Border Protection issued a Notice to Appear ("NTA"), placing Petitioner in removal proceedings.  [*Id.* at ¶ 9].  Five days later, on October 12, 2021, Mr. Vila Diaz was released from custody on an Order of Release on Recognizance ("OREC").  [*Id*. at ¶ 10].  On November 8, 2022, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal with U.S. Citizenship and Immigration Services ("USCIS").  [*Id.* at ¶ 12].  He also filed a Form I-485, Application to Register Permanent Residence or Adjust Status with USCIS on December 5, 2022.  [*Id*. at ¶ 13].[2]  On January 31, 2023, Petitioner's removal proceedings were apparently terminated for "failure to prosecute" the 2021 NTA.  [*Id.* at ¶ 9].

On November 3, 2023, the Department of Homeland Security issued a superseding NTA, again placing Petitioner in removal proceedings.  [*Id.* at ¶ 11].  Petitioner was charged with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), which applies to a noncitizen present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated.  *See* [*id.*].  On November 15, 2025, ICE officers arrested Petitioner in

---

[2] Respondent indicates that "[o]n May 7, 2025, USCIS closed Petitioner's application because the immigration court has jurisdiction over his case."  [Doc. 21-1 at ¶ 14].  It is not entirely clear to the Court to which application Respondent refers, but for the purposes of this instant Petition, it is not relevant. On May 9, 2025, Petitioner's son, a U.S. citizen and member of the United States Air Force, filed a Form I-130, Petition for Alien Relative.  [*Id.* at ¶ 15].  USCIS has not issued a final adjudication on the Form I-130.  [*Id.*].

Miramar, Florida, at his "ICE check-in appointment" and transferred him to custody of ICE "pending resolution of removal proceedings." [*Id.* at ¶ 17; Doc. 6 at 2]. Petitioner's OREC was terminated, and he has remained detained since his arrest. [Doc. 21-1 at ¶ 17].

On December 16, 2025, Petitioner filed a motion for custody redetermination. [*Id.* at ¶ 19]. Three days later, Petitioner and his attorney appeared before the Immigration Judge ("IJ") for a hearing on Petitioner's request. [*Id.* at ¶ 20]. On December 30, 2025, the IJ issued an order denying a change in custody status because Petitioner "did not establish not a flight risk." [*Id.* at ¶ 22; Doc. 1 at 11]. Neither party appealed the IJ's decision, and the time to do so expired on January 29, 2026. [Doc. 21-1 at ¶¶ 23–24].

On January 5, 2026, Petitioner filed a motion for voluntary departure. [*Id.* at ¶ 25]. The next day, he appeared before the IJ for removal proceedings, where he admitted the allegations and charge in the NTA. [*Id.* at ¶ 26]. He appeared before the IJ again on February 26, 2026 and withdrew his motion for voluntary departure. [*Id.* at ¶ 27]. On March 31, 2026, Petitioner appeared before the IJ, and the IJ scheduled another hearing for an update on the Form I-130. [*Id.* at ¶ 28]. Petitioner's removal proceedings are pending, and he was scheduled for a hearing on April 28, 2026. [*Id.* at ¶ 29].[3]

Petitioner initiated the instant action on February 9, 2026, [Doc. 1], and filed the Petition on March 9, 2026, [Doc. 6]. He Petitioner seeks an order requiring his "immediate release on conditional parole or release on a low bond." [*Id.* at 9].

On March 17, 2026, Respondent was ordered to show cause why the Petition should not be granted. [Doc. 13]. Respondent filed a Response on April 8, 2026, [Doc.

---

[3] The Parties have not filed any document informing the Court whether this hearing occurred as scheduled or the outcome of such hearing.

21], which is supported by a sworn Declaration of Brenden Jelen, a Deportation Officer assigned to Petitioner's case, [Doc. 21-1].  Petitioner filed his Reply on April 16, 2026. [Doc. 22].  This matter is fully briefed and ripe for disposition.  No party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARDS

### I.    Habeas Corpus

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

### II.    Pro Se Filings

Because Petitioner proceeds pro se, the Court affords his filings a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the [litigant] could prevail, it should do so despite the [litigant]'s failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d

4

1106, 1110 (10th Cir. 1991).  That said, the Court may not "assume the role of advocate for the pro se litigant."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).  The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

## ANALYSIS

Construing Petitioner's pro se allegations liberally, he claims that (1) his detention is unlawful because he was not detained pursuant to a criminal arrest ("Claim One"); (2) his detention violates his Fifth Amendment due process rights because he is not a flight risk or a danger to the community, ("Claim Two"); and (3) his detention has become "punitive[ly] prolonged detention without individualized justification," which also violates his Fifth Amendment due process rights ("Claim Three").  [Doc. 6 at 2–7].  The Court considers each of these arguments in turn.

## I.    Claim One:  Petitioner's Arrest

In Claim One, Petitioner asserts that he "was not detained following a criminal arrest."  [*Id.* at 2].  The Court construes this claim as a claim asserting that Petitioner's detention is unlawful because he was not detained pursuant to a criminal arrest warrant. Respondent responds that Petitioner's allegedly unlawful arrest does not entitle to him to habeas relief.  [Doc. 21 at 5].  Specifically, Respondent argues that even if Petitioner's assertion is true, an unlawful arrest does not provide grounds for release from immigration detention because Petitioner can challenge the lawfulness of his arrest in his removal proceedings.  [*Id.* at 5–6].

However, there is no requirement that a person must be subject to a criminal arrest

to be detained under § 1226(a).  Although the statute requires an administrative warrant, *see* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."), it does not expressly require a criminal arrest or a judicial warrant. Petitioner does not expressly argue that he was detained without an administrative warrant (or reference a warrant at all in Claim One), *see* [Doc. 6 at 2–3], and the Court is without sufficient information as to whether or not Petitioner was arrested pursuant to a valid administrative warrant.

Although the Court must construe Petitioner's filings liberally, it cannot add in allegations or claims that do not exist.  *Garrett*, 425 F.3d at 840.  The Court cannot conclude, based on the assertions in Claim One, that Petitioner is entitled to relief due to the fact that his detention did not follow a criminal arrest.

## II.    Claims Two and Three:  Due Process Claims

In Claim Two, Petitioner contends that his detention is discretionary and that he is not a flight risk or a danger to the community.  [Doc. 6 at 3–6].  Relatedly, he states that he "may be" a member of the class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).[4]  [Doc. 6 at 4].  He argues that this Court "should order [his] release on parole or minimal bond."  [*Id.* at 6].  As for Claim Three, Petitioner asserts that his detention has been prolonged without individualized justification, is improperly

---

[4] *The Maldonado Bautista* court certified the following class:  "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  813 F. Supp. 3d at 1127.

punitive, and violates his due process rights. [*Id.* at 6–7].

With respect to Claim Two, Respondent argues that (1) review of the IJ's discretionary bond decision is barred by 8 U.S.C. § 1226(e); (2) the Court cannot reweigh evidence that was before the IJ; and (3) *Maldonado Bautista* does not provide Petitioner relief. [Doc. 21 at 6–7].[5]

As a preliminary matter, the Court agrees with Petitioner that he is detained under 8 U.S.C. § 1226(a). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). On the other hand, 8 U.S.C. § 1225(b)—which "supplement[s] § 1226's detention scheme," *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022))—"applies primarily to

---

[5] Respondent also argues that Petitioner has not exhausted Claim Two. [Doc. 21 at 7]. "In the immigration context, 'exhaustion of remedies is statutorily required only for appeals of final orders of removal.'" *Quiroz Zacarias v. Mullin,* No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026) (quoting *Quintana Casillas v. Sessions*, No. 17-cv-01039-DME-CBS, 2017 WL 3088346, at *9 (D. Colo. Jul. 20, 2017)). Where a petitioner "challenges the procedures employed by the IJ at his bond hearing, . . . exhaustion is merely prudential, not mandatory," and "whether to require exhaustion is committed to sound judicial discretion." *Id.* Respondent's argument does not demonstrate that exhaustion is required here, and "the Court will not require [Petitioner] to sit in an ICE detention facility for months on end while . . . he awaits a BIA decision." *Alvarado Lopez v. Dillman*, No. 1:25-cv-02456-LMB-LRV, 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026); *Quiroz Zacarias*, 2026 WL 1092162, at *3 (same).

[noncitizens] seeking entry into the United States," i.e., "applicants for admission," *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[6]

On several occasions, this Court has ruled that detainees, like Petitioner here, who have been present in the country for some time are detained under § 1226(a), not § 1225(b), because they are not "applicants for admission" or "seeking admission" under the statute. *See, e.g.*, *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *1 (D. Colo. Oct. 22, 2025). The Court reaches the same conclusion here.

The Court also agrees with Respondent, however, that this Court cannot "serv[e] as an appellate court over an IJ's bond decision" by reviewing the merits of the bond hearing. *Quiroz Zacarias*, 2026 WL 1092162, at *3; *see also* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Here, Petitioner argues that (1) he is not a flight risk, and (2) he is not a danger to the community. [Doc. 6 at 4–6]. In other words, he essentially asks this

---

[6] Under § 1225(a)(1), an "applicant for admission" is

An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

8

Court to review and reverse the IJ's decision ordering him detained.  Regardless of the merit of his arguments, this request is expressly barred by 8 U.S.C. § 1226(e), and this Court lacks jurisdiction over the claim.  *See Maldonado Ochoa v. Baltazar*, No. 26-cv-01449-PAB, 2026 WL 1615245, at *2 (D. Colo. June 5, 2026) ("Petitioner's argument that the Form I-213 was insufficient evidence of flight risk . . . invites the Court to reweigh the evidence presented at the bond hearing and reach a decision contrary to the immigration judge.").[7]

Finally, with respect to Claim Three, Petitioner contends that his "prolonged detention without individualized justification has transformed [his] detention into punitive confinement."  [Doc. 6 at 6].  Respondent asserts that Petitioner's prolonged detention claim fails because he was provided a bond hearing and is detained pending a decision regarding removal, such that his detention does not violate substantive due process. [Doc. 21 at 10–11].

The Court respectfully agrees with Respondent at this juncture.  To be sure, "holding or detaining someone, including an alleged alien, for long periods of time without a hearing or while the government 'puts its case together' goes against all of the constitutional concepts, long part of the fabric of the law of this country and the legal concepts of democracy."  *Prince v. Mukasey*, 593 F. Supp. 2d 727, 735 (M.D. Pa. 2008).  But because Petitioner is not subject to a final order of removal, his "detention is pending adjudication of his removability from the country and, as such, it is not 'indefinite.'"  *Molina*

---

[7] Petitioner does not argue that the IJ applied incorrect legal standards at the bond hearing.  *See* [Doc. 6].  Although Petitioner proceeds pro se and is entitled to a liberal construction of his Petition, the Court may not act as his advocate and may not infer the existence of an argument that was not raised.  *Garrett*, 425 F.3d at 840; *Adler*, 144 F.3d at 672.

*v. Choate*, No. 19-cv-00207-GPG, 2019 WL 13214049, at *4 (D. Colo. Mar. 22, 2019) (citing *Demore v. Kim*, 538 U.S. 510, 529 (2003)).   And the Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process."   *Demore*, 538 U.S. at 523.   In *Demore*, the Supreme Court rejected a constitutional challenge to 8 U.S.C. § 1226(c), which "mandates detention during removal proceedings for a limited class of deportable aliens."   *Id.* at 517–18.   In so doing, the Court distinguished the facts of the case from those in *Zadvydas v. Davis*, 533 U.S. 678 (2001), where the Supreme Court ruled that detention of non-citizens ordered removed under 8 U.S.C. § 1231 is constitutional only for such time as is reasonably necessary to secure removal.   *See* 533 U.S. at 699.   The *Demore* Court distinguished *Zadvydas* by highlighting that "the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent,'" but  "the detention [period under § 1226, pending the non-citizen's removal proceedings,] is of a much shorter duration."   *Demore*, 538 U.S. at 528 (quoting *Zadvydas*, 533 U.S. at 690–91).   The *Demore* Court ultimately concluded that the detention of the respondent "for the limited period of his removal proceedings"—which had amounted to approximately six months—was "a constitutionally permissible part of" the removal process.   *Id.* at 531.

Although *Demore* involved detention under § 1226(c), it remains applicable to Petitioner's prolonged detention claim here.   After all, although Mr. Vila Diaz and the detainee in *Demore* were detained pursuant to different subsections of § 1226, they were both detained pending their removal proceedings.   And while the Court does not doubt that detention under § 1226(a) may become so prolonged that it violates a detainee's substantive due process rights, under *Demore*, the Court cannot conclude that

10

Petitioner's six-month detention has become so prolonged as to violate Mr. Vila Diaz's due process rights.

In sum, the Court finds that Mr. Vila Diaz has not demonstrated that he is entitled to habeas relief.  The Court must therefore deny the Petition.  And for the same reasons, the Court must deny Petitioner's Emergency Motion, which requests that the Court release him from detention.  *See* [Doc. 23].

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1)    The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 6] is respectfully **DENIED**;

(2)    Petitioner's Emergency Motion [Doc. 23] is respectfully **DENIED**;

(3)    The Clerk of Court is directed to enter judgment in favor of Respondent and close this case; and

(4)    A copy of this Order shall be sent to:

Pedro Alejandro Vila Diaz, #216-972-854
ICE Aurora Contract Detention Facility
3130 North Oakland Street
Aurora, CO 80010

DATED:  June 8, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

11